UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: REQUEST OF SUSAN DEVINE FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 FOR THE LIECHTENSTEIN PRINCELY COURT

Case No: 2:22-mc-8-JES-NPM

## OPINION AND ORDER

This matter comes before the Court on petitioner's *Ex Parte* Request for Judicial Assistance Pursuant to 28 U.S.C. § 1782 for the Liechtenstein Princely Court (Doc. #1) and Memorandum of Law in Support (Doc. #3) filed originally on May 11, 2022, in the Southern District of New York.  Petitioner Susan Devine sought the issuance of a subpoena directed to Spears & Imes LLP, a New York law firm, for production of confidential documents the firm holds pursuant to orders in an underlying Florida case (<u>Absolute Activist Value Master Fund Ltd. v. Devine</u>, 2:15-cv-328-JES-MRM (M.D. Fla.)).  Ms. Devine seeks the documents so she may produce the documents to the Liechtenstein Princely Court in connection with a criminal investigation of Ms. Devine.  For the reasons set forth below, the request is denied.

I.

On May 25, 2022, United States District Court Judge Vernon S. Broderick granted the Funds'[1] request to intervene and transferred the case to the undersigned based on the proceedings in the underlying Florida case.  Judge Broderick directed Spears & Imes to preserve the documents pending the outcome of Ms. Devine's request for judicial assistance.  (Doc. #18.)  On July 5, 2022, reconsideration of the transfer was denied by Judge Broderick. (Doc. #25-1.)

The intervening parties filed a Response in Opposition to *Ex Parte* Request (Doc. #24) on July 8, 2022, and a Motion to Substitute for Spears & Imes as Respondents and Request for Return of the Funds' Confidential Materials (Doc. #29) on July 18, 2022. With leave of Court, Ms. Devine filed a Reply in Support of *Ex Parte* Request for Judicial Assistance. (Doc. #35).  Ms. Devine filed a Response in Opposition to the Funds' Motion to Substitute (Doc. #38) and a Request for Oral Argument (Doc. #39) on August 1, 2022.

On July 22, 2022, Ms. Devine filed a Motion to Transfer (Doc. #33) seeking to have the case transferred back to the Southern

---

[1] The Fund consists of Absolute Activist Value Master Fund Limited, Absolute East West Fund Limited, Absolute East West Master Fund Limited, Absolute European Catalyst Fund Limited, Absolute Germany Fund Limited, Absolute India Fund Limited, Absolute Octane Fund Limited, Absolute Octane Master Fund Limited, and Absolute Return Europe Fund Limited.

District of New York. On August 5, 2022, the Funds filed a Response in Opposition (Doc. #40), and on August 10, 2022, Ms. Devine filed a Motion for Leave to File a Reply Brief (Doc. #41).

**II.**

The documents sought by Ms. Devine are subject to a Protective Order in the underlying Florida case. Ms. Devine's ability to obtain and disclose the documents was litigated in that case and remains the subject of active appeals to the Eleventh Circuit Court of Appeals.

Ms. Devine asserts that the Liechtenstein Court has requested that she produce the documents in the possession of Spears & Imes LLP to assist in its criminal investigation of Ms. Devine for alleged money laundering in violation of § 165 of the Liechtenstein Criminal Code. Ms. Devine wants to produce the documents but does not possess them. Ms. Devine's efforts to obtain them in the underlying Florida case was denied. The Southern District of New York has stayed the destruction of the documents pending an opportunity for this Court to issue a ruling on the current request.

"Whether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court." United Kingdom v. United States, 238 F.3d 1312, 1318-19 (11th Cir. 2001) (citations omitted). "A district court may not grant an application under §

1782 unless four statutory requirements are met: (1) the request must be made "by a foreign or international tribunal" or by "any interested person"; (2) the request must seek evidence, be it the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and, finally, (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." Application of Furstenberg Fin. SAS v. Litai Assets LLC, 877 F.3d 1031, 1034 (11th Cir. 2017) (citing In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007)). The Court must also consider whether the subpoena is to obtain discovery from a participant in the foreign proceeding, the nature of the foreign tribunal, whether Section 1782 is being used to circumvent 'proof-gathering restrictions', and whether the discovery request is 'unduly intrusive or burdensome.' Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1199 (11th Cir. 2016) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004)). A district court's compliance with a Section 1782 request is not mandatory. United Kingdom v. United States, 238 F.3d at 1319.

Ms. Devine argues that the Protective Order permits disclose of the confidential documents and that the requested disclosure complies with the requirements of Section 1782. "Thus, Liechtenstein is not only receptive to the request, it has

specifically *made the request* for the information. Moreover, the serious nature of the proceedings, which could lead to formal criminal charges against Ms. Devine in Liechtenstein, further militate in favor of granting the application." (Doc. #3, p. 13) (emphasis in original). Ms. Devine assures the Court that she will not obtain or maintain a copy of the documents. (Id., p. 17.) Counsel for Ms. Devine in Liechtenstein states that the "documents asked for are necessary for the defence of Ms. Susan Devine in the Liechtenstein criminal proceedings and also to make sure that it progresses, after seven years of investigation without a final verdict." (Doc. #5-1, Ex. A, ¶ 6.) In the Declaration of Matthew D. Lee for Ms. Devine, it states that the Liechtenstein criminal proceedings were initiated based on a suspicion report of Neue Bank AG (NB), Vaduz, in November 2015. Ms. Devine was a client of NB and had gold coins stored in a safe deposit box at NB. The allegations are that the gold coins were purchased from money derived from the fraudulent actions of Florian Homm, Ms. Devine's ex-husband. (Doc. #4, ¶ 4.)

The Funds note that Ms. Devine has demanded all the documents subject to the Protective Order without indicating any specifics, and that in a similar situation the Funds had to obtain approval from the Grand Court of Cayman Islands to produce the confidential investor information in the underlying case. (Doc. #24, p. 8.) The Funds state that "[e]xcept for three references to one

- 5 -

company's location in Liechtenstein, however, the words 'gold,' 'coin,' or 'Liechtenstein' do not otherwise appear in the three transcripts Devine has said she is seeking, whether in their redacted or unredacted portions." (Id., pp. 9-10.)  Counsel for Ms. Devine in Liechtenstein states in his Declaration "[b]ased upon my experience" "the Liechtenstein Princely Court would maintain the confidentiality of those documents according to the Liechtenstein criminal proceedings law."  (Doc. #5, ¶ 8.)  This, however, is not a sufficient guarantee.

The Protective Order does not allow production of the documents to Ms. Devine or the disclosure to a third party without a subpoena or court order.  (2:15-cv-328, Doc. #842, p. 4.)  "The Court has no authority to "enforce" the Protective Order as it does not *require* disclosure of confidential discovery, only that the "Parties may disclose" if necessary."  (Id., p. 5.) Additionally, since the case was transferred here and reconsideration by the New York District Court was denied, this Court will not transfer the case back to New York or reconsider the reconsideration.  As noted by the Southern District of New York:

> A central consideration here is that Devine appears to be engaged in forum-shopping. Devine has filed a litany of motions and appeals in the Middle District of Florida and Eleventh Circuit, and after not getting the results she argued for in her those forums, she has turned to this district for ex parte

- 6 -

>   emergency relief. Allowing Devine to proceed
>   before me in a duplicative proceeding creates
>   a risk of contradictory rulings.

(Doc. #18, p. 13.)

The current motion is clearly an attempted end-run around prior rulings and pending appeals. Any disclosure of the documents to Ms. Levine in the circumstances presented would contravene the Protective Order and the undersigned's prior ruling and may interfere with the viability of the appeal. Further, while the documents are in temporary possession of Spears & Imes pursuant to the Protective Order, the firm is not the rightful owner ultimate possessor of the documents. The foreign government which allegedly desires the documents has not petitioned the court in this case or any other case to obtain the documents. The Court, in the exercise of its discretion, denies Ms. Devine's request.

Accordingly, it is hereby

**ORDERED**:

1. Petitioner's *Ex Parte* Request for Judicial Assistance Pursuant to 28 U.S.C. § 1782 for the Liechtenstein Princely Court (Doc. #1) is **DENIED.**

2. The Funds' Motion to Substitute for Spears & Imes as Respondents and Request for Return of the Funds' Confidential Materials (Doc. #29) is **DENIED** as moot based on the Order issued in the underlying case, 2:15-cv-328-JES-MRM.

3. Petitioner's Motion to Transfer (Doc. #33) is **DENIED**.

4. Petitioner's Motion for Leave to File a Reply Brief (Doc. #41) is **DENIED**.

5. The Clerk shall terminate all deadlines and motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of September 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record